McKinney, J.,
delivered the opinion of the Court.
The plaintiff in error was sued by the defendants in an action of assumpsit. The- suit was an appearance to the March Term, 1857, of the Circuit Court of Rutherford. It seems, from a statement in the bill of exceptions, that, for some reason not disclosed in the record, a rule was made “ to plead and try ” at the same term to which the process was returned, to wit, March Term, 1857. This was not done, however, and no declaration was filed until the November Term, 1857. At the same term, and on the same day on which the declaration was filed, as the bill of exceptions shows, the defendant filed an informal plea in abatement, alleging the pendency of another action between the same parties, involving the same matters set forth in the declaration as the ground of the present action. To this plea there was a demurrer, which was sustained. And *522 thereupon the defendant moved the Court for leave to plead over to the merits, and accompanied his application with a strong affidavit, showing, if true, a meritorious defence to the action; and also presented his pleas with the affidavit, which, it is not controverted, were issuable pleas. But the application was refused by the Court, upon what ground is not stated. From the argument, we are left to infer that the refusal was in view of the supposed effect of the rule to “ plead and try ” at the previous March Term. If so, or whatever may have been the reason, the refusal was a manifest denial of the defendant’s rights. The rule to plead and try at the March Term not having been enforced, but, on the contrary, having been waived by mutual consent, as we must suppose in the state of this record, it had spent its force; and after the expiration of the term to which it applied by its terms, was no longer of any validity or effect. It was certainly unjust to the defendant to visit upon him the consequences of a non-compliance with the rule, when, by the plaintiffs’ own failure to file their declaration at that term, they rendered a compliance impossible, and even put it out of the power of the defendant to put in his defence to the action.
The delay of the plaintiffs to file a declaration until the November Term, had, of necessity, the effect of making that the appearance term, so far as respects the defendant’s right of making his defence; and for the plain reason that, by their own delay, he could not put in his defence at an earlier period, there being no declaration on file to be answered.
It was a matter of right, therefore, on the part of the defendant, to plead to the declaration when filed. No *523 leave of tbe Court was necessary, and, in annexing terms, the Court erred.
' The so-called plea in abatement was defective, and the demurrer was properly sustained. But the refusal to permit the defendant to answer over, after judgment on the demurrer, was a double error.
In general, the proper judgment on demurrer to a plea in abatement, or to a replication thereto, is, that the . defendant answer over. 1 Chitty’s Pl., 500. (Ed. of 1837.) The exceptions to this rule are few, and of a highly technical nature. If a plea, containing matter which can only be pleaded in abatement, improperly commences or concludes in bar, it is said the judgment on demurrer may be final. And it seems the same rule prevails where matter in abatement is pleaded after the last continuance. Id. By the latter of these exceptions, the Court was probably influenced in denying the defendant’s right to plead over. But this was an entire misapprehension of its true import. Upon the state of facts in this record there had been no continuance, in the sense of the exception. We have already seen, that, as regards the defendant’s right to plead, the November Term was the appearance term.
In this view, alone, it was error to refuse the application of defendant to plead over. It was denying a privilege to which he was entitled as a matter of right. But even if, by law, the judgment on demurrer had been final, still the Court possessed the power to control the judgment, and to let the defendant in to make his de-fence; and it was a positive duty to do so, if it were shown that he had a meritorious defence, upon such terms as might be deemed just, under the circumstances. In this *524 view the Court likewise erred in refusing the defendant’s application, as the affidavit makes a prima facie case of merits, and more especially so, as the application was at the first term for making defence.
The judgment on the demurrer was interlocutory, the damages being unliquidated, and a writ of inquiry was awarded to ascertain the amount which the plaintiffs were entitled to recover. This came on to be executed at a subsequent term.
The jury were charged, “to ascertain the damages sustained by plaintiffs by the non-performance, by defendant, of his contract in the declaration mentioned and they estimated the amount to be $1,452, for which final judgment was rendered. For the purpose of showing the amount of damages sustained, the plaintiffs went into proof of their whole case; and this was, perhaps, necessary and proper enough, other considerations aside. The defendant likewise had witnesses in attendance, by whom he offered to establish facts tending to prove that the plaintiffs had really sustained no damages whatever, and in justice were entitled to no recovery; but the Court refused to permit the defendant' to offer any evidence.
Before proceeding to empannel the jury, the Court was moved to set aside the judgment and allow the defendant to plead, on grounds disclosed by affidavit, but the motion was refused.
In the aspect in which this case is presented we do not think it proper to enter into a discussion of the question, whether, upon the assumption that the facts offered to be proved by the defendant are true, the plaintiffs have any just ground of recovery. That *525 inquiry must be postponed until the defendant shall have bad the opportunity of presenting his proof in such a form as that its proper force and effect can be legitimately considered of and determined.
All that we propose at present, as to this part of the case, is to determine whether the defendant, on the inquisition of damages, had a right to be heard, or to offer evidence for any purpose. And we hold it to be clear that he had, to a limited extent.
The legal effect of the interlocutory judgment, which, for the present purpose, may be supposed to have been properly entered, was simply to establish the plaintiffs naked right to maintain their action, and, consequently, to recover some damages, though they might be merely nominal. But the quantum of damages remained an open one, to be ascertained by proof; and upon this question both parties had an equal right to be heard. The defendant was no further compromitted by the judgment by default, than to preclude him from denying the plaintiffs’ right to nominal damages. But, subject to this qualification, he had the right to show, if in his power, that the plaintiffs had no legal claim to damages ; and, if successful in the attempt, the ptaintiffs would have been entitled to nothing more than merely nominal damages.
In simple justice to the 'defendant, whose rights have been so entirely ignored in these proceedings, we feel constrained to reverse and set aside both the interlocutory ‘and final judgments, and to remand the cause, with liberty to the defendant to plead to the merits of the action, in such manner as may be thought necessary for his defence. Judgment reversed.